UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

      v.

CHRISTOPHER D. RIVERS, JR.,

                         Defendant.
_____

DECISION AND ORDER

19-CR-6066DGL

       Defendant, Christopher D. Rivers, Jr. ("Rivers") was convicted in August 2019 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 30 months imprisonment, followed by three years of supervised release. Rivers has finished his term of incarceration and commenced his term of supervised release in March 2021. He now moves (Dkt # 43) for early termination of supervised release.

       The Government filed its Response (Dkt. # 45) opposing the motion. The Probation Office also filed a Report (Dkt. # 47) indicating that office did not oppose the request. It appears that Rivers would complete the full term of supervised release in March 2024.

       First, I have carefully reviewed Rivers's motion and his Reply (Dkt. # 46) to the Government's opposition. Both filings are well written and reflect Rivers's resolve not to offend again. Rivers does appear to have been in compliance with the terms of supervised release. There have been no further arrests; drug tests have been returned negative since Rivers's involvement in treatment; and Rivers has also maintained fulltime employment. I applaud Rivers for his compliance with the terms of supervised release.

Nevertheless, I DENY River's motion for early termination of supervised release. First of all, River's offense was not the mere possession of a firearm. The facts established at the guilty plea proceeding and sentencing were that Rivers fired a shotgun multiple times out of an apartment window. As the Government notes in its Response, this created a serious risk of harm to others. At the time of sentencing, this Court believed that a three-year term of supervised release was appropriate. I continue to believe that is the case.

This offense was not Rivers's first violation of the law. The Presentence Report, at paragraphs 43-47, set forth Rivers's criminal history which established that he had a Criminal History IV. Rivers's has had convictions for criminal trespass, assault, and criminal possession of a weapon, a felony for which he received a year's imprisonment. The facts of that offense, as set forth in the Presentence Report, established that Rivers threatened another with a sawed-off shotgun.

Rivers contends now that he has no intention of returning to criminal conduct, but he has a significant criminal history and continued supervision by the Probation Office seems warranted to make sure that Rivers follows through on his stated goal. The terms of the supervised release do not appear to be onerous and, in any event, his three-year term concludes early next year.

## CONCLUSION

River's motion for early termination of supervised release (Dkt. # 43) is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 8, 2023.